**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  LL Ark Properties LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. ___CIV-19-464-SLP___ |
| (1)  David Stanley Family Realty, LLC and (2)  David Aaron Stanley | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff LL Ark Properties LLC ("Ark" or "Plaintiff") for its Complaint against Defendants David Stanley Family Realty, LLC ("DSFR") and David Aaron Stanley, respectfully states and alleges as follows:

### INTRODUCTION

1. This action arises out of Defendants' fraud, misrepresentations, breach of contract, and other unlawful acts, relating to transactions affecting real property in Norman, Oklahoma subject to a Real Estate Purchase and Sale Agreement signed December 7, 2016.

### PARTIES

2. Plaintiff LL Ark Properties, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 3701 Alabama Avenue South, St. Louis Park, Minnesota 55416. Plaintiff's members and their citizenships are listed below:

>Scott Allen Landers Trust, whose Trustee is Scott Allen Landers, who is a citizen of Arkansas;
>
>Scott A. Landers Revocable Trust, whose Trustee is Scott Allen Landers, who is a citizen of Arkansas; and
>
>The Luther Company LLLP, which has a principal place of business in St. Louis Park, Minnesota and its members are listed in Paragraph 3 of this Complaint.

3. Luther Company LLLP, is a limited liability limited partnership consisting of two general partners and five limited partners. The general partners are C. David Luther and R. Dan Luther, both of whom are citizens of Minnesota. The limited partners are listed below together with their trustees or citizenship:

>Luther Family LLLP, whose members are listed in Paragraph 4 of this Complaint;
>
>C. David Luther Trust 1986, whose Trustees are R. Dan Luther and Barbara Hilbert, both of whom are citizens of Minnesota;
>
>R. Dan Luther Trust 1986, whose Trustees are C. David Luther and Barbara Hilbert, both of whom are citizens of Minnesota;
>
>David Luther Art V Trust, whose Trustees are C. David Luther, R. Dan Luther and Anne Luther, all of whom are citizens of Minnesota;
>
>R. Dan Luther Art V Trust, whose Trustees are R. Dan Luther, C. David Luther and Rudy R. Luther, all of whom are citizens of Minnesota; and
>
>The Luther Holding Company, which has a principal place of business in Minnesota, is incorporated under the laws of the State of Minnesota, and is a citizen of Minnesota.

4. Luther Family LLLP, is a limited liability limited partnership consisting of one general partner and fourteen limited partners. The general partner is Luther Family Holdings Ltd., which has a principle place of business in St. Louis Park, Minnesota, is

organized under the laws of Minnesota, and is a citizen of Minnesota. The limited partners are listed below together with their trustees or citizenship:

> C. David Luther who is a citizen of Minnesota;
>
> R. Dan Luther who is a citizen of Minnesota;
>
> R. Dan Luther 1993 Trust for Rudy Ryan Luther whose Trustees are C. David Luther and Rudy Ryan Luther, both of whom are citizens of Minnesota;
>
> R. Dan Luther 1993 Trust for Melissa Claire Luther whose Trustees are C. David Luther and Rudy Ryan Luther, both of whom are citizens of Minnesota;
>
> C. David Luther 1993 Trust for Blake Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;
>
> C. David Luther 1993 Trust for Lauren Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;
>
> C. David Luther 1993 Trust for Charles Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;
>
> Rudy R. Luther who is a citizen of Minnesota;
>
> Melissa Luther who is a citizen of Washington D.C.;
>
> Blake Luther who is a citizen of Michigan;
>
> Lauren Luther who is a citizen of Minnesota;
>
> Charles Luther who is a citizen of Minnesota;
>
> C. David Luther Art V Trust whose Trustees C. David Luther, R. Dan Luther and Anne Luther, all of whom are citizens of Minnesota; and
>
> R. Dan Luther Art V Trust whose Trustees are R. Dan Luther, C. David Luther and Rudy R. Luther, all of whom are citizens of Minnesota.

5. Defendant David Stanley Family Realty, LLC is a limited liability company organized under the laws of the State of Oklahoma, with its principal place of business located at 614 S.W. 74th St., Oklahoma City, OK 73139.  DSFR has one member, David Stanley, who is citizen of Oklahoma.  Defendant transacts business throughout the United States, including, as in this case, within the state of Oklahoma.

6. Defendant David Aaron Stanley ("Stanley") is a citizen of Oklahoma, residing in Oklahoma City, OK.  Stanley is or was for all relevant time period, the Managing Member of DSFR.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 U.S.C. 1332(a) because the case is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is appropriate in this forum under 28 U.S.C. 1391(a) because a substantial part of the events and omissions giving rise to the claim occurred in this District.

9. The Court has personal jurisdiction over the Defendants in this action because Defendants transact business within the State of Oklahoma and the conduct which forms the basis of this Complaint: occurred in the State of Oklahoma; arose out of contractual relationships between parties that were originated, negotiated, and consummated, at least in part, in Oklahoma; involves real property located in the State of Oklahoma, and involves communications between the parties which were either directed to a person in Oklahoma or originated from a person in Oklahoma.

10. The December 2016 Real Estate Purchase and Sale Agreement entered into between Ark and DSFR at issue in this matter states that the "agreement will be governed by and construed in accordance with the laws of the State of Oklahoma without application of choice of law rules."

## FACTUAL BACKGROUND

**A. The Real Estate Purchase and Sale Agreement**

11. DSFR owned improved land and interests in leases (collectively "Dealership Property") in Norman, Oklahoma, used for a car dealership operated by David Stanley of Norman, LLC, dba David Stanley Chevrolet of Norman, an Oklahoma limited liability company.

12. The Dealership Property is located at and around 1221 Ed Noble Parkway, Norman, OK 73072, and 1560 24th Av. SW, Norman, OK, 73072.

13. Ark desired to purchase the Dealership Property from DSFR, including all land, lease interests, appurtenances, buildings, service garages, improvements, and related facilities situated on the land. DSFR desired to sell the Dealership Property to Ark.

14. Ark negotiated with DSFR and Stanley to purchase the Dealership Property. On December 7, 2016, DSFR and Ark entered into a Real Estate and Purchase Agreement ("Agreement"), effectuating the sale of the Dealership Property to Ark. Stanley signed the Agreement as DSFR's Managing Member. The transaction closed on February 13, 2017.

15. In agreeing to purchase the Dealership Property, Ark relied on numerous representations, warranties, and covenants from DSFR and Stanley.

16. DSFR and Stanley specifically made representations and warranties regarding the condition of the improvements on the Dealership Property.

17. Section 6(e) of the Agreement states in relevant part that: "Seller represents and warrants to, and covenants with, Purchaser as follows as of the Effective Date and again as of the Closing Date:. . . (e) . . . To seller's Knowledge, the Improvements, including without limitation, the roof and structural elements of the buildings and all systems and components serving the buildings, are in good condition and in proper working order free from material defects."

18. Ark relied on DSFR's and Stanley's promises, warranty's, representations, and covenants regarding the Dealership Property, including the condition of the buildings and roofs, when deciding to enter into the Agreement.

**B.      Discovery of Undisclosed Roof Defects and Stanley's Misrepresentations**

19. Following Ark's purchase of the Dealership Property, Ark has had significant issues with water intrusion in the purchased buildings from defects in the roofs of the relevant buildings.

20. Upon information and belief, a significant hail event in 2014 damaged the roofs of the subject buildings causing DSFR or its affiliates to make claims regarding the roof damage to its insurance carrier.

21. Upon information and belief, prior to signing the Agreement, DSFR and Stanley obtained estimates and quotes to repair and/or replace the roof on the dealership building and shop, based upon the significant roof damage.

22. The Agreement in Section 4 (a)(x) provided that "within ten (10) days after the Effective Date, Seller agrees to deliver to Purchaser complete copies of all: . . . (x) records of any casualty or liability losses (whether or not insurance claims have been filed) during the last 36 months that affected the Property."

23. DSFR did not provide Ark with any documents related to the impact the 2014 hail event had on the buildings' roofs.

24. DSFR did not remedy the roof damage caused from the 2014 hail event.

25. On February 6, 2019, counsel for Ark sent a notice letter and demand to cure to DSFR and Stanley regarding the undisclosed roof damage. This notice letter and demand to cure went unanswered.

26. At no time prior to purchasing the Dealership Property did Ark have knowledge of the substantial defects in the buildings on the Dealership Property.

27. Ark has recently learned that the roof on the buildings on the Dealership Property have not been in good condition and have not been in proper working order free from material defects at any point since the 2014 hail event.

28. DSFR and Stanley were aware of the hail damage to the Dealership Property buildings and roofs and knew that the buildings and roofs were not in proper working order free from material defects when it entered into the Agreement to sell the Dealership Property to Ark. At closing on February 13, 2017, David Stanley as Stanley's

Managing Member, certified that the Seller's representations and warranties in the Agreement were true and correct, in all respects, at the time of closing.

29. DSFR's and Stanley's representations in the Agreement and at closing regarding the condition of the buildings and roofs on the Dealership Property were false.

30. As a result of the defective condition of the buildings and roofs on the Dealership Property, the value of the Dealership Property is significantly less than it would be if the buildings and roofs were in the condition promised by DSFR and Stanley.

## COUNT I
## CONSTRUCTIVE AND ACTUAL FRAUD AGAINST BOTH DEFENDANTS

31. Plaintiff realleges and incorporates by reference the matters set forth in this Petition.

32. Defendants failed to disclose the defects known to them in the Dealership Property buildings.

33. Defendants represented to Plaintiff that "the roof and structural elements of the buildings and all systems and components serving the buildings, are in good condition and in proper working order free from material defects."

34. Defendants' representations regarding the condition of the buildings and roof were false.

35. Defendants' false representations to Plaintiff were material.

36. On information and belief, Defendants made their false representations knowing them to be untrue.

37. Defendants' false representations were not warranted by information known to Defendants when the false representations were made.

38. Defendants' false representations suppressed the truth regarding the existence of the material defects in the buildings and roofs on the Dealership Property.

39. On information and belief, Defendants' false representations were made with intent to deceive Plaintiff.

40. On information and belief, Defendants' false representations were made with the intent to induce Plaintiff to enter into the Real Estate Purchase and Sale Agreement, and to subsequently close the transaction.

41. Defendants' false representations constitute unlawful deceit.

42. Defendants' false representations gave Defendants an unfair advantage over Plaintiff by misleading the Plaintiff to Plaintiff's prejudice.

43. Plaintiff reasonably relied on Defendants' false representations when deciding to enter into the Real Estate Purchase and Sale Agreement, and in closing the transaction.

44. As a direct and proximate result of Defendants' fraud against Plaintiff, Plaintiff has been damaged in an amount exceeding $75,000.00 exclusive of fees, costs and interest. Plaintiff is entitled to the benefit of its bargain with Defendants as damages.

45. Defendants' conduct was willful, wanton, and malicious, and thereby entitles Plaintiff to recover punitive damages against Defendant.

## COUNT II
## NEGLIGENT MISREPRESENTATION AGAINST BOTH DEFENDANTS

46. Plaintiff realleges and incorporates by reference the matters set forth in this Petition.

47. Defendants supplied false information to Plaintiff regarding the Dealership Property.

48. Defendants failed to exercise reasonable care or competence in obtaining or communicating information relating to the condition of the roof and existence of substantial structural defects.

49. Plaintiff justifiably relied on the false information supplied by Defendants when entering into the Real Estate Purchase and Sale Agreement.

50. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered pecuniary losses in an amount exceeding $75,000.00 exclusive of fees, costs and interest. Plaintiff is entitled to the benefit of their bargains with Defendants as damages.

## COUNT III
## BREACH OF CONTRACT AGAINST DSFR

51. Plaintiff realleges and incorporates by reference the matters set forth in this Petition.

52. The Real Estate Purchase and Sale Agreement constitutes a lawful binding contract.

53. Plaintiff performed all conditions, covenants, and promises required to be performed by it pursuant to the Real Estate Purchase and Sale Agreement.

54. In the Real Estate Purchase and Sale Agreement, DSFR certified that the roofs and structural elements of the buildings and all systems and components serving the buildings, were in good condition and in proper working order free from material defects.

55. DSFR breached the Real Estate Purchase and Sale Agreement because there were known defects in the buildings and roofs that were not disclosed.

56. As a result of DSFR's false certification and failure to disclose the fact that the roofs and structural elements of the buildings were not in good condition and were not in proper working order free from material defects, DSFR breached the Real Estate Purchase and Sale Agreement.

57. Pursuant to Section 10(d) of the Real Estate Purchase and Sale Agreement, in the event of any litigation between the parties arising out of the Agreement, the prevailing party shall be entitled to recover from the other all reasonable, out-of-pocket costs incurred, including without limitation reasonable attorneys' fees and litigation costs, whether such fees and costs are incurred at trial, on appeal, or in any bankruptcy proceedings.

58. Plaintiff has commenced this action which arises out of the Agreement and it is entitled to recover its reasonable attorneys' fees and all costs and expenses incurred in connection with this action, in an amount to be proven at trial, from DSFR.

59. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount exceeding $75,000.00 exclusive of fees, costs, and interest.

## COUNT IV
## BREACH OF WARRANTY AGAINST DSFR

60. Plaintiff realleges and incorporates by reference the matters set forth in this Petition.

61. DSFR extended an express and implied warranty to Plaintiff that the roofs and structural elements of the buildings, and all systems and components serving the buildings, were in good condition and in proper working order free from material defects.

62. DSFR had specific knowledge that Plaintiff intended to use the buildings at issue and that it needed those buildings and roofs to be in good condition and in proper working order free from material defects to utilize the Dealership Property.

63. Despite this knowledge, DSFR knowingly failed to provide Plaintiff with buildings and roofs in good condition and in proper working order free from material defects. The buildings and roofs on the Dealership Property are not capable of meeting the contractually agreed upon requirements needed for Plaintiff to utilized the real property.

64. As a direct and proximate result of DSFR breach of warranty, Plaintiff has been damaged in an amount exceeding $75,000.00 exclusive of fees, costs, and interest.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. An award of Plaintiff's direct and consequential damages caused by Defendants' unlawful conduct;

B. An award of punitive damages against Defendants;

C. For an award against Defendant David Stanley Family Realty, LLC for Plaintiff's reasonable and necessary costs and expenses, including attorneys' fees incurred in this matter, in an amount to be proven at trial;

D. For an award against Defendants for prejudgment interest, costs and disbursements; and

E. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ C. Eric Shephard
C. Eric Shephard, OBA No. 22299
FELLERS SNIDER BLANKENSHIP
  BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-9211
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
EShephard@FellersSnider.com

and

GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.

Charles K. Maier (MN 0230315)
  *Pro Hac Vice Application to be Filed*
Eric V. Brown (MN 0393078)
  *Pro Hac Vice Application to be Filed*
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3242
Email: Charles.Maier@gpmlaw.com
       Eric.Brown@gpmlaw.com

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
757073:45011